**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

REYES CABRERA-CORTES,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:25-cv-01976-RFB-MDC

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EAJA**

Before the Court is Petitioner Reyes Cabrera-Cortes's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (ECF No. 23) (the "Motion"). For the following reasons, the Court grants the Motion and awards Petitioner $19,500.88 in attorney's fees and costs.

## I. PROCEDURAL HISTORY

On October 15, 2025, Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). See ECF No. 2. On October 31, 2025, Federal Respondents (also referred to herein as "the government") filed their Response to the Petition. See ECF No. 18. On November 18, 2025, Petitioner filed his reply. See ECF No. 20. On November 20, 2025, the Court granted the Petition and ordered Petitioner's immediate release from detention at Nevada Southern Detention Center, subject to the bond and other conditions imposed by the immigration judge. See ECF No. 21. Petitioner was released from custody as ordered. See ECF No. 22. On December 1, 2025, Petitioner filed the instant Motion for Attorney's Fees and Costs under the EAJA. See ECF No. 23. On January 20, 2026, Federal Respondents filed their opposition. See ECF No. 27. On June 24, 2026, the Court held a hearing on the Motion. See

ECF No. 30. The Court's Order follows.

## II. LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" Medina Tovar v. Zuchowski, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002).

"It is the government's burden to show that its position was substantially justified." Medina Tovar, 41 F.4th at 1089. Substantially justified means "justified to a degree that could satisfy a reasonable person." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Pierce, 487 U.S. at 565). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." Id. Whether the government's position was substantially justified is a matter of discretion for the district court. Id. at 869.

With respect to the reasonableness of fees and costs, the EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." FED. R. CIV. P. 52(a)(1), 54(d)(2)(C).

## III. FINDINGS OF FACT

1. The Court incorporates its findings of fact as set forth in in its Order granting the Petition. See ECF No. 21 at 1–5.

2. After being arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") on August 1, 2025, Petitioner received a custody redetermination hearing before Immigration Judge ("IJ") Glen Baker of the Las Vegas Immigration Court. The IJ found Petitioner had successfully established that he was neither a flight risk nor a danger to the community. The IJ thus ordered that Petitioner be released on bond in the amount of $1,500—the statutory minimum under 8 U.S.C. § 1226(a) and its implementing regulations.

3. Despite the IJ's August 14, 2025, bond release order, Petitioner remained in custody 98 days later, until the Court ordered his release on November 20, 2025.

4. The government asserted Petitioner's continued detention was authorized pursuant to a regulatory automatic stay of the IJ's bond order that the U.S. Department of Homeland Security ("DHS") purportedly invoked under 8 C.F.R. § 1003.19(i)(2), pending its appeal of the bond order to the Board of Immigration Appeals ("BIA").

5. The government provided no evidence in support of its claim that DHS had properly invoked the automatic stay. Instead, in its *uncertified* Response to the Petition, the government stated that "*upon information and belief* and based on the well-known established practices in Immigration Court, prior to appealing the IJ's bond decision, DHS automatically stayed Petitioner's release on bond by virtue of filing the standard form (Form EOIR-43) providing DHS's notice of intent to appeal the decision. Form EOIR-43, citing 8 C.F.R. § 1003.19(i)(2), states that the filing of the form automatically stays the Immigration Judge's custody redetermination decision." See ECF No. 19 at 5–6 (emphasis added). The government failed to produce evidence showing that (1) the EOIR-43 form was timely filed within one business day of the IJ's August 14, 2025, bond release order as required by regulation, or that (2) DHS filed a notice of appeal within ten days of the order of the IJ, including a "certification by a senior legal official" that the official approved the notice according to internal review procedures and Petitioner's continued detention was justified by contentions supported by evidence and non-

frivolous legal arguments, as required by 8 C.F.R. § 1103.6(c).

6. In defending DHS's (unverified) invocation of 8 C.F.R. § 1003.19(i)(2) against Petitioner's procedural and substantive due process challenges, the government argued the automatic stay was "narrowly tailored," to serve an undefined "compelling government interest" because it was finite, *i.e.* "limited by regulation to a maximum of 90 days." ECF No. 27 at 5. The government failed to acknowledge or explain, however, the fact that Petitioner was detained for *98* days, until the Court ruled on the Petition and ordered his immediate release. In other words, even assuming DHS followed the procedures required to invoke the automatic stay under 8 C.F.R. § 1003.19(i)(2), Petitioner was detained an additional 8 days after the automatic stay had lapsed.

7. Based on the fact that the government (1) failed to produce the EOIR-43 Form that DHS allegedly timely filed as to Petitioner; (2) failed to produce evidence that DHS timely filed a notice of appeal with the required certification of a senior legal official; and (3) failed to acknowledge, explain, or justify Petitioner's continued detention beyond the regulatory maximum 90 days allowed under 8 C.F.R. § 1003.19(i)(2), the Court finds that Federal Respondents failed to comply with the regulatory requirements in invoking the 8 C.F.R. § 1003.19(i)(2) automatic stay and further detained Petitioner beyond the maximum 90-day stay period permitted by that provision, even if it were properly invoked.

8. The government also provided no meaningful response to Petitioner's substantive due process challenge to his detention. The government's Response to the Petition identified no constitutionally recognized interest in continuing to detain Petitioner and failed to contend with Petitioner's assertion that had already been determined to be neither dangerous nor a flight risk. See generally ECF No. 19.

9. On November 20, 2025, the Court granted the Petition and ordered Petitioner's immediate release on bond consistent with the IJ's August 14, 2025, bond release order. See ECF No. 21. Petitioner was released as of November 21, 2026. See ECF No. 22.

10. On December 1, 2025, Petitioner filed the instant Motion for Attorney's Fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) in the amount of $19,500.88. Counsel for Petitioner spent 72 hours on this case. Petitioner thus requests fees at the

statutory rate adjusted for inflation and cost of living in the amount of $251.84 per hour, totaling $18,732.48. See ECF Nos. 23-1; 23-2. Petitioner also requests travel and out-of-pocket costs incurred through his counsel's roundtrip travel from Orem, Utah (where Petitioner resides and was arrested) to Las Vegas, Nevada, to personally retrieve Petitioner and ensure his safety upon his release from Nevada Southern Detention Center, totaling $768.49. Petitioner requests mileage expenses in the amount of $0.76 per mile for approximately 720 miles of driving round trip, totaling $482.40 in mileage expenses. Petitioner requests $138 for lodging, $118 for meals, and $30.00 for incidental costs.

11. The government does not contest that Petitioner is the prevailing party in this matter or that the fees and costs requested by Petitioner are reasonable. The government's sole argument in opposition to the instant Motion is that its position in this matter was "substantially justified." See ECF No. 27.

## IV. CONCLUSIONS OF LAW

1. Petitioner is the prevailing party. 28 U.S.C. § 2412(d).

2. Federal Respondents' position was not substantially justified.

3. The "position of the United States" includes both the government's litigation position and the underlying agency action giving rise to the civil action. Meier, 727 F.3d at 870 (9th Cir. 2013). Here the Court finds the government's position—encompassing both DHS' decision to detain Petitioner for 98 days after an IJ granted him release on bond, and the government's litigation position before this Court—lacked a reasonable basis in law and fact.

4. The Court finds the government's position lacked a reasonable basis in law and fact because (1) the government failed to provide evidence that the regulatory requirements for invoking the automatic stay under 8 C.F.R. § 1003.19(i)(2) were followed by DHS; (2) Petitioner was detained beyond the maximum 90-days authorized by the automatic stay; (3) Federal Respondents relied on the 90-day maximum period in defending the constitutionality of the automatic stay, without acknowledging that Petitioner was detained for 8 days beyond the regulatory maximum period, until this Court intervened; and (4) Federal Respondents failed to

meaningfully respond to Petitioner's substantive due process challenge, because they never identified a constitutionally recognized interest (*i.e.* dangerousness or flight risk) in depriving Petitioner—a 20-year resident and father of U.S. citizen children, with no criminal history—of his liberty.

5. Based on the foregoing, and the regulatory and due process violations in this case, the Court finds Federal Respondents have failed to meet their burden to establish that their position was substantially justified. See, e.g., United States v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002) ("[I]f … a *due process* violation is not enough to trigger a finding that the government was not 'substantially justified' under the EAJA, the EAJA would amount to nothing but a hollow statutory shell offering little of substance to prevailing parties.") (emphasis in original) (citation omitted).

6. There is no dispute that the requested fees and costs are reasonable in this case.

7. The Court therefore awards $18,732.48 in attorney's fees and $768.59 in costs.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's (ECF No. 23) Motion for Attorney's Fees and Costs under the EAJA is **GRANTED**. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), Petitioner is awarded attorney's fees and costs in the amount of **$19,500.88**.

**The Clerk of Court is kindly instructed to**:

(1) Amend the docket and case name to **SUBSTITUTE** the following Respondents pursuant to Rule 25(d) of the Federal Rules of Civil Procedure: (a) Ruben Leyva for Jason Knight; (b) Markwayne Mullin for Kristi Noem; and (c) Todd Blanche for Pamela Bondi as the named Respondents in this action and update the docket accordingly.

(2) Enter final judgment and close this case.

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**